UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLIE JONES,<br><br>             Plaintiff,<br><br>     v.<br><br>Y. MAGALLON,<br><br>             Defendant. | **CASE No. 1:15-cv-01897-DAD-MJS (PC)**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF NO. 1)**<br><br>**AMENDED COMPLAINT DUE WITHIN THIRTY DAYS** |

Plaintiff Hollie Jones, a prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 21, 2015. Plaintiff's complaint is before the Court for screening.

I.   **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee,

or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.   PLEADING STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.   PLAINTIFF'S ALLEGATIONS

Plaintiff, who is currently being held at the Substance Abuse and Treatment Facility in Corcoran, California, brings this action against Medical Clinic Officer Y. Magallon ("Defendant") for violating his rights under the Eighth Amendment of the United

States Constitution.

On March 20, 2015, Plaintiff signed a refusal statement stating "I refuse all medical treatment until further notice." At some point,[1] Defendant called him on the telephone, against CDCR policy, to tell Plaintiff to come to the medical clinic. Although he did not want to go to the medical clinic, Plaintiff went in a show of good faith and to show that he was "programing" (sic). When Plaintiff arrived in the clinic and learned that Defendant wanted to administer treatment Plaintiff had already refused,[2] Plaintiff attempted to leave the clinic. Defendant then assaulted and excessively restrained Plaintiff as punishment for his refusal of treatment, even though Plaintiff was not a security risk at the time. Defendant also filed a false document claiming that Plaintiff attacked her with his cane. However, CDCR did not believe Defendant's report, as they issued Plaintiff a new cane, and Plaintiff claims they would not have done so if they believe he had used it as a weapon.

**IV.     DISCUSSION**

    **A.     Excessive Force Claim**

Plaintiff brings his claim against Defendant for excessive force under the Fourteenth Amendment rather than the Eighth Amendment. However, since Plaintiff is a prisoner, the Court will analyze his claims under the Eighth Amendment. Farmer v. Brennan, 511 U.S. 825, 832 (1994).

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations omitted). For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore

---

[1] It is unclear from the complaint whether this incident occurred on the same day he signed the statement refusing medical treatment or at some point after.
[2] Plaintiff does not describe the nature of the treatment he refused.

3

discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013).  The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-8 (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

At the pleading stage, Plaintiff's allegations that Defendant assaulted and restrained him could be sufficient to support a claim under section 1983 if accompanied by adequate factual allegations to give meaningful context to what are at present essentially legal conclusions: that Defendant assaulted and excessively restrained him when he refused to accept treatment.  Iqbal, 556 U.S. at 677-78 ("A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements' of a cause of action will not do.") (quoting Twombly, 550 U.S. at 555).  Therefore, the Court dismisses Plaintiff's complaint with leave to amend.  If Plaintiff elects to amend, he should include detail as to what he and Defendant said and did before and while Defendant made physical contact with Plaintiff, as to how exactly Defendant made that contact (that is, specify what parts of Defendant's body contacted what parts of Plaintiff's body), how Defendant restrained Plaintiff and what Defendant said to Plaintiff and/or others as to why she was restraining Plaintiff.  Plaintiff should also clarify the date(s) and time(s) that the alleged incidents took place.

### B.     **Fourteenth Amendment Right to Refuse Medical Treatment Claim**

Construed liberally, Plaintiff's complaint can be read to set forth a claim against Defendant for violating his Fourteenth Amendment right to refuse medical treatment. Cruzan by Cruzan v. Dir., Mo. Dept. of Health, 497 U.S. 261, 278 (1990) (A "competent person has a constitutionally protected liberty interest in refusing unwanted medical treatment.").  In order to determine whether Plaintiff's right to refuse treatment was violated, the Court must balance Plaintiff's "liberty interests against the relevant state interests." Cruzan, 497 U.S. at 279.  Specifically, the Court must consider "the need for the government action in question, the relationship between the need and the action, the extent of harm inflicted, and whether the action was taken in good faith or for the purpose of causing harm." Plumeau v. Sch. Dist. No. 40, 130 F.3d 432, 438 (9th Cir.1997) (quotation omitted); see also Jacobson v. Massachusetts, 197 U.S. 11, 24-30 (1905) (where the Court balanced an individual's liberty interest in declining an unwanted smallpox vaccine against the State's interest in preventing the disease).  So long as Plaintiff can show that he posed no risk to himself or others when he refused to accept treatment, he can make out a cognizable claim. See Haas v. County of El Dorado, 2:12-cv-00265, 2012 WL 1414115 (E.D. Cal. April 23, 2012) (court found that Plaintiff who refused to be taken to the hospital after collapsing at preschool posed no risk to coworkers and schoolchildren).

In the prison context, "'[p]rison administrators have not only an interest in ensuring the safety of prison staff and administrative personnel . . . but also the duty to take reasonable measures for the prisoners' own safety." Washington v. Harper, 494 U.S. 210, 223 (1990) (citing Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)).  Plaintiff has not specified what type of treatment he refused, but given where Plaintiff is currently housed, the Court suspects it involves treatment for mental illness.  If the treatment was for a

5

mental illness, "given the requirements of the prison environment, the Due Process Clause permits the state to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will" so long as "the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest" and this determination has been made by medical personnel under "fair procedural mechanisms."  Washington, 494 U.S. at 227-32.  Fair procedural mechanisms include giving the inmate notice of the proposed treatment, allowing him to be present at an adversarial hearing to dispute the imposition of treatment, and allowing him to cross examine witnesses against him, but do not include the right to have an attorney present at the proceedings.  Id. at 235.

It is not clear from the instant complaint whether Defendant did in fact administer treatment to Plaintiff against his will or otherwise engage in some adverse action in order to coerce Plaintiff to accept treatment.  If Plaintiff wishes to pursue a claim against Defendant for violating his Fourteenth Amendment right to refuse medical treatment, he should describe in his amended pleadings the treatment ordered, specify whether it was actually given over Plaintiff's objections, and explain the reasons given by defendant or others for prescribing the treatment, and the nature of the risk allegedly posed by his *not* receiving treatment.

### C.      Exhaustion

Plaintiff concedes that while he filed an administrative appeal, the process has not yet been completed.  Plaintiff states generally that "staff members have been losing and or destroying [his] grievance forms" (sic) but that he is "still going throug[h] the proper channels to exhaust [his] administrative remedies."  Thus, it appears Plaintiff may have filed suit prematurely without first exhausting in compliance with section 1997e(a).

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a

prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).  Thus, even if Plaintiff provides the factual information requested by the Court above, his claim may still be subject to dismissal for failure to exhaust administrative remedies or show that exhaustion was excused.

## III.     **CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a cognizable claim against Defendant for use of excessive force in violation of the Eighth Amendment.  However, Plaintiff has not previously been provided with notice of the deficiencies in his claims and the Court will provide Plaintiff with the opportunity to file an amended complaint, if he believes, in good faith, he can cure the identified deficiencies.  Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer

7

serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend;

2. The Clerk's Office shall send Plaintiff a blank complaint form along with a copy of the complaint filed December 21, 2015;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal;

4. If Plaintiff fails to comply with this order, this action may be dismissed, without prejudice, for failure to state a claim and failure to obey a court order, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated: March 23, 2016                    /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE

8