UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLIE JONES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Y. MAGALLON,<br><br>　　　　Defendant. | 1:15-cv-01897-DAD-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S REQUEST FOR AN ORDER FACILITATING LAW LIBRARY ACCESS**<br><br>**ORDER DENYING PLAINTIFF'S SECOND MOTION TO EXTEND TIME TO FILE SECOND AMENDED COMPLAINT**<br><br>**(ECF No. 19)**<br><br>**ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT OR NOTICE OF WILLINGNESS TO PROCEED ON COGNIZABLE CLAIMS**<br><br>**FOURTEEN DAY DEADLINE** |

　　　　Plaintiff is a prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. He has declined Magistrate Judge jurisdiction.

　　　　On September 27, 2016, the Court screened Plaintiff's first amended complaint and found certain claims cognizable. (ECF No. 16.) The remaining non-cognizable claims were dismissed and Plaintiff was directed to either file a second amended complaint within thirty days or file a notice that he was willing to proceed only on his cognizable claims. (Id.) On October 21, 2016, Plaintiff filed a motion for a sixty day

1

extension of time to file his second amended complaint because of limited access to the prison law library. (ECF No. 17.) On November 1, 2016, the Court granted in part Plaintiff's motion and directed Plaintiff to file his second amended complaint within thirty days of the Court's order. (ECF No. 18.) On December 13, 2016, Plaintiff filed a second motion for a sixty day extension of time, again citing his limited access to the law library. (ECF No. 19.) Plaintiff also requests the Court issue an order directing prison officials to facilitate Plaintiff's access to law library materials. The court will construe the latter request as a request for injunctive relief. (Id.)

## I.     Law Library Access

Plaintiff's claims arose at the California Substance Abuse and Treatment Facility in Corcoran, California. He is currently incarcerated at California State Prison ("CSP") in Corcoran. Plaintiff complains that he has insufficient access to the law library since he is housed in the administrative segregation unit. He states this lack of library access violates his right of access to the Courts. He seeks an order from the Court directing prison officials to deliver law library materials to him in the administrative segregation unit pursuant to the procedures outlined in California Code of Regulations section 3123(c). That section allows inmates who are unable to physically access the law library to request legal material be delivered to them by library staff. Cal. Code Regs. tit. 15, § 3123(c) (2009).

First, to the extent Plaintiff alleges CSP officials have violated Plaintiff's rights by limiting his access to the law library, such claims are unrelated to the claims in Plaintiff's complaint and are made against a non-party over whom the Court lacks jurisdiction in this case.

A plaintiff may only sue multiple defendants in the same action if at least one claim against each defendant arises out of the same "transaction, occurrence, or series of transactions or occurrences" and there is a "question of law or fact common to all defendants."); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir.1997); Desert Empire Bank v. Ins. Co. of North America, 623 F.2d 1371, 1375 (9th Cir.1980).

Federal courts are courts of limited jurisdiction. The pendency of this action does not give the Court jurisdiction over prison officials in general or over the relief requested in Plaintiff's motion since it is not the subject of the operative complaint. Summers v. Earth Island Institute, 555 U.S. 488, 492-93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491-93; Mayfield, 599 F.3d at 969. A court should not issue an injunction when the relief sought is not of the same character, and the injunction deals with a matter lying wholly outside the issues in the underlying action. De Beers Consol. Mines v. U.S., 325 U.S. 212, 220 (1945). Moreover, "[a] federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court.*" Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

Plaintiff's request must be denied.

## II. Extension of Time

Plaintiff has not shown good cause for the extension he requests. Plaintiff's asserted need to access the law library in order to prepare his complaint is not persuasive. At the screening stage, Plaintiff need only present facts showing that he is entitled to relief. Fed. R. Civ. P. 8(a)(2); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Legal conclusions are not only unnecessary, they are discouraged. See Id. (noting that while factual allegations are taken as true, legal conclusions are not.). Moreover, applicable legal standards for Plaintiff's claims were outlined in each of the Court's two previous screening orders. Plaintiff's motion for an extension will therefore be denied.

## III. Conclusion

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time to file a second amended complaint (ECF No. 19) is DENIED;

2. Plaintiff must file his second amended complaint or notice of willingness to

3

proceed on his cognizable claims within **fourteen (14)** days of this order; and

3. Failure to comply with this order will result in the undersigned recommending this case be dismissed for failure to obey a court order.

Further, IT IS HEREBY RECOMMENDED that:

4. Plaintiff's motion for an order directing CSP officials to facilitate law library access (ECF No. 19) be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: December 18, 2016         /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE