UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLIE JONES,<br><br>            Plaintiff,<br><br>      v.<br><br>Y. MAGALLON, et al.,<br><br>            Defendants. | No. 1:15-cv-01897-DAD-MJS (PC)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE<br><br>(Doc. No. 24) |

Plaintiff Hollie Jones, a prison proceeding *pro se* and *in forma pauperis*, filed this civil rights action on December 21, 2015. (Doc. No. 1.) On January 30, 2017, the assigned magistrate judge screened plaintiff's second amended complaint and directed plaintiff to file either a notice of willingness to proceed on his claims found to be cognizable in that screening order or a third amended complaint. (Doc. No. 22.) After more than thirty days passed and plaintiff failed to respond in any way to that order, on April 17, 2017, the magistrate judge issued an order requiring plaintiff to show cause within fourteen days of the order why this action should not be dismissed due to his failure to obey a court order and failure to prosecute. (Doc. No. 24.) Over fourteen days passed and plaintiff has still failed to file a third amended complaint, request an extension of time in which to do so, or otherwise respond to either the court's screening order or the order to show cause.

/////

1

District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting this action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, as for the availability of lesser sanctions, at this stage in the proceedings there is nothing available which would constitute a satisfactory lesser sanction while preserving this court's scarce

/////

resources.  In this regard, plaintiff is proceeding in *forma pauperis*, making the imposition of monetary sanctions ineffective.

For the reasons set forth above:

1) This action is dismissed for failure to obey a court order and failure to prosecute; and
2) The Clerk of the Court is directed to terminate any pending motions and close this case.

IT IS SO ORDERED.

Dated: **May 12, 2017**

UNITED STATES DISTRICT JUDGE