UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLIE JONES,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Y. MAGALLON, et al.,<br><br>　　　　　　Defendants. | No. 1:15-cv-01897-DAD-MJS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT<br><br>(Doc. No. 27) |

Plaintiff Hollie Jones is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 30, 2017, the assigned magistrate judge screened plaintiff's second amended complaint and directed plaintiff to file either a notice of willingness to proceed on his claims found to be cognizable in that screening order or a third amended complaint. (Doc. No. 22.) After more than thirty days passed and plaintiff failed to respond to that order, on April 17, 2017, the assigned magistrate judge issued an order requiring plaintiff to show cause within fourteen days of the order why this action should not be dismissed due to his failure to obey a court order and failure to prosecute. (Doc. No. 24.) Over fourteen days passed and plaintiff had still failed to file a third amended complaint, request an extension of time in which to do so, or otherwise respond to either the court's screening order or the order to show cause. Therefore, on May 15,

1

2017, the undersigned dismissed the case for failure to obey a court order. (Doc. No. 25.) Judgment was entered the same day. (Doc. No. 26.) Over two months thereafter, on July 28, 2017, plaintiff filed the instant motion for relief from judgment pursuant to Federal Rule of Civil Procedure Rule 60(b). (Doc. No. 27.)

Federal Civil Procedure Rule 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve a party. . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment." "The law in this circuit is that errors of law are cognizable under Rule 60(b)." *Liberty Mut. Ins. Co. v. EEOC*, 691 F.2d 438, 441 (9th Cir. 1982).

Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rule 60(b)(1)–(5)). The moving party "must demonstrate both injury and circumstances beyond his control." *Id.* (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that in moving for reconsideration of an order denying or granting a prior motion, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted).

Plaintiff seeks relief on the grounds of "extrinsic mistake" and excusable neglect. Specifically, he claims that he is disabled, has limited mobility, and has had limited access to the

2

law library. Plaintiff states that he has had to rely on the assistance of other inmates to draft his court filings, and many of those inmates have been released or transferred to other institutions. He asks the court to excuse his failure to timely respond to the above described order and to reopen the case.

Such circumstances do not provide grounds for relief under Rule 60(b). If plaintiff needed additional time to respond to the court's order, he could have and should have asked for an extension of time in which to respond. Indeed, plaintiff asked for four separate extensions prior to the court's January 30, 2017 order, but filed no requests for an extension between January 30 and May 15, 2017. (*See* Doc. Nos. 10, 12, 17, & 19.) Plaintiff offers no explanation for his failure over an extended period of time to do so.

Both the court and the public have an interest in expeditiously resolving cases. *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). Plaintiff provides no valid explanation for ignoring the court's orders for many months and, as such, is not entitled to the requested relief.

Accordingly, plaintiff's motion for relief from judgment (Doc. No. 27) is denied.

IT IS SO ORDERED.

Dated: **November 14, 2017**

UNITED STATES DISTRICT JUDGE